William JOHNSON, Appellant

v.

The STATE of Texas

NO. PD-1254-15

Court of Criminal Appeals of Texas.

Delivered: October 4, 2017

Jani Maselli Wood, Assistant Public Defender, Harris County, Texas, 1201 Franklin Street, 13th Floor, Houston, Texas 77002, for Appellant.

Melissa Hervey, Assistant District Attorney, 1201 Franklin Street, 6th Floor, Houston, TX 77002, Stacey Soule, Austin, TX, for the State.

## OPINION

Per curiam.

Appellant was convicted of aggravated robbery with a deadly weapon and sentenced to eight years' imprisonment. On appeal, Appellant claimed that the comprehensive rehabilitation fee, assessed a part of the consolidated court costs, was unconstitutional. The court of appeals held that this claim was not preserved for review because Appellant did not object to the imposition of the fee before the trial court. The record reflects that the bill of costs was not prepared until weeks after judgment was entered. Appellant did not have the opportunity to object to this fee when it was imposed. In the context of court-cost challenges, an appellant may not be faulted for failing to object when he or she was not given the opportunity to do so. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). Appellant was entitled to challenge this mandatory court cost for the first time on appeal.

This Court recently determined that the comprehensive rehabilitation court cost is unconstitutional as a violation of the Separation of Powers Clause of the Texas Constitution. *Salinas v. State*, 523 S.W.3d 103 (Tex. Crim. App. 2017). Pursuant to *Salinas*, the $133 consolidated court costs should be reduced pro rata by the per-

centage allocated to this impermissible account. The percentage attributable to the "comprehensive rehabilitation" account under the statute is 9.8218 percent. TEX. LOCAL GOV'T CODE § 133.102(e)(6). That percentage of the $133 fee assessed in appellant's case is $13.06. Subtracting this amount from the $133 yields a fee of $119.94. We reverse the judgment of the court of appeals with respect to the issue of court costs, and we modify the trial court's judgment to change the $133 consolidated fee to $119.94.

Newell, J., filed a concurring opinion., J., filed a dissenting opinion.

Hervey, J., not participating.

Newell, J. filed a concurring opinion.

I join this Court's order reforming the judgment because the court of appeals did not purport to apply the retroactivity discussion in *Salinas v. State* in this case. Nevertheless, this case provides an example of how applying that retroactivity dicta results in the unequal treatment of defendants on direct appeal. I would grant review in a case in which the issue is properly joined to address this inequality. *See Horton v. State*, PD-0468-17, 537 S.W.3d 515, 2017 WL 4399159 (Tex. Crim. App. 2017) (Newell, J., dissenting).

Yeary, J., filed a dissenting opinion.

I dissent for the reasons articulated in my dissenting opinion in *Salinas v. State*, 523 S.W.3d 103 (Tex. Crim. App. 2017).