**AFFIRM AS MODIFIED; Opinion Filed June 29, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00764-CR

**TIMOTHY DONHAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-40292-R**

## MEMORANDUM OPINION ON REMAND

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Schenck

The case is before us is on remand from the Texas Court of Criminal Appeals.

In our original opinion, we held a portion of a $25 time payment fee assessed as part

of the court costs under section 133.103 of the Local Government Code was facially

unconstitutional. The State filed a petition for discretionary review with the court

of criminal appeals. The court of criminal appeals recently handed down its opinion

in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), in which the court held

that the time payment fee was assessed prematurely because the pendency of appeal

suspends the obligation to pay court costs. Accordingly, the court refused the State's

petition and instead granted review on its own motion of the following restated

question: Should the "Time Payment Fee" be struck as prematurely assessed? The court then vacated our judgment and remanded this case to us for consideration of that question in light of *Dulin*.

We affirm the judgment as modified below. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In October 2018, appellant met the complainant on a dating website, and he soon thereafter moved in with her. By January 2019, the complainant decided to end the relationship and sought to evict appellant. Appellant was upset by this turn of events and sent threatening messages to the complainant over several days. The day after the complainant ended the relationship, she discovered her car's windshield was cracked. She suspected appellant. When she confronted appellant, he denied breaking her windshield and told her that, "if it were him, [her] car would be on fire." On the night of January 29, the complainant woke up to learn both her car and her mother's car were on fire.

In March 2019, appellant was charged by separate indictments for arson and stalking. Appellant judicially confessed and entered open pleas of guilty to each charge. The trial court assessed punishment at six years' confinement in each case. Appellant timely appealed.

## DISCUSSION

As with our original opinion, the issue is whether a portion of the time payment fee is facially unconstitutional.

Appellant contends a portion of a $25 time payment fee assessed as part of the court costs in the arson case under section 133.103 of the Local Government Code is facially unconstitutional. Specifically, he argues that the fees collected under subsections (b) and (d) were not collected for a legitimate criminal purpose and therefore violate the separation of powers provision of the Texas Constitution. He asks that we modify the judgment to delete $22.50 of the court costs assessed in the arson case.

The State first responds that appellant has waived this complaint by failing to object below. We disagree. Although appellant did not object to the costs in the trial court, the costs were not imposed in open court and the written judgment does not contain an itemization of the imposed costs. Thus, appellant may challenge the constitutionality of the costs for the first time on appeal. *See Johnson v. State*, 537 S.W.3d 929, 929 (Tex. Crim. App. 2017) (per curiam).

As to the merits of his complaint, we now address the question posed by the criminal court of appeals: whether the time payment fee should be struck as prematurely assessed. Section 133.103 provides for a time payment fee to be assessed if the defendant pays some or all of his fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine,

–3–

court costs, or restitution. See TEX. LOC. GOV'T CODE ANN. § 133.103. Appellant filed his notice of appeal the same day on June 24, 2019. The record reflects appellant was assessed a time payment fee on July 25, 2019. As noted by the court of criminal appeals, the pendency of an appeal stops the clock for purposes of the time payment fee. *See Dulin*, 620 S.W.3d at 133. Consequently, the assessment of the time payment fees in appellant's case is premature, and the fees should be struck in their entirety, without prejudice to them being later assessed if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1991). Accordingly, we modify the trial court's judgment to reduce the total amount of court costs by $25 to strike the time payment fee.

## CONCLUSION

As modified, we affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
191764F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TIMOTHY DONHAM, Appellant

No. 05-19-00764-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F19-40292-R.
Opinion delivered by Justice Schenck. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to reduce the total amount of court costs by $25 to strike the time payment fee.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of June, 2021.

–5–