**WITHDRAW AND AFFIRM; Opinion Filed July 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00764-CR**

**TIMOTHY DONHAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-40292-R**

## MEMORANDUM OPINION ON REMAND

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Schenck

On our own motion, we withdraw our opinion dated June 29, 2021. This is now the opinion of the Court.

The case is before us is on remand from the Texas Court of Criminal Appeals. In our original opinion dated May 27, 2020, we held a portion of a $25 time payment fee assessed as part of the court costs under section 133.103 of the Local Government Code was facially unconstitutional. The State filed a petition for discretionary review with the court of criminal appeals. The court of criminal appeals recently handed down its opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), in which the court held that the time payment fee was assessed prematurely because

the pendency of an appeal suspends the obligation to pay court costs. Accordingly, the court refused the State's petition and instead granted review on its own motion of the following restated question: Should the "Time Payment Fee" be struck as prematurely assessed? The court then vacated our judgment and remanded this case to us for consideration of that question in light of *Dulin*.

We affirm the judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In October 2018, appellant met the complainant on a dating website, and he soon thereafter moved in with her. By January 2019, the complainant decided to end the relationship and sought to evict appellant. Appellant was upset by this turn of events and sent threatening messages to the complainant over several days. The day after the complainant ended the relationship, she discovered her car's windshield was cracked. She suspected appellant. When she confronted appellant, he denied breaking her windshield and told her that, "if it were him, [her] car would be on fire." On the night of January 29, the complainant woke up to learn both her car and her mother's car were on fire.

In March 2019, appellant was charged by separate indictments for arson and stalking. Appellant judicially confessed and entered open pleas of guilty to each charge. The trial court assessed punishment at six years' confinement in each case. Appellant timely appealed.

## DISCUSSION

As with our original opinion, the issue is whether a portion of the time payment fee is facially unconstitutional.

Appellant contends a portion of a $25 time payment fee assessed as part of the court costs in the arson case under section 133.103 of the Local Government Code is facially unconstitutional. Specifically, he argues that the fees collected under subsections (b) and (d) were not collected for a legitimate criminal purpose and therefore violate the separation of powers provision of the Texas Constitution. He asks that we modify the judgment to delete $22.50 of the court costs assessed in the arson case.

The State argues that appellant has waived this complaint by failing to object below. We disagree. Although appellant did not object to the costs in the trial court, the costs were not imposed in open court and the written judgment does not contain an itemization of the imposed costs. Thus, appellant may challenge the constitutionality of the costs for the first time on appeal. *See Johnson v. State*, 537 S.W.3d 929, 929 (Tex. Crim. App. 2017) (per curiam).

As to the merits of his complaint, we now address the question posed by the criminal court of appeals: whether the time payment fee should be struck as prematurely assessed. Section 133.103 provides for a time payment fee to be assessed if the defendant pays some or all of his fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine,

–3–

court costs, or restitution. See TEX. LOC. GOV'T CODE ANN. § 133.103. Appellant filed his notice of appeal the same day on June 24, 2019. The bill of costs in the record reflects appellant was assessed a time payment fee on July 25, 2019, which was in addition to the costs assessed in the judgment. As noted by the court of criminal appeals, the pendency of an appeal stops the clock for purposes of the time payment fee. *See Dulin*, 620 S.W.3d at 133. Consequently, the assessment of the time payment fee in appellant's case is premature, and the judgment properly does not—at the time of this opinion—include the time payment fee. *See id.* (holding fees prematurely assessed "should be struck in their entirety, without prejudice to them being later assessed if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes"). Accordingly, we overrule the sole issue in this appeal inasmuch as it seeks reduction of the amount of costs included in the judgment.

As for any premature assessment of the fees in the bill of costs, "there is an available statutory remedy to challenge the time payment fee." *See id.* at 133 n.29 (citing TEX. CODE CRIM. PRO. ANN. art. 103.008). Article 103.008 provides:

> On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.

CRIM. PRO. art. 103.008. We construe appellant's brief to be a motion properly filed under Article 103.008. We refer back to our previous conclusion that any assessment of the time payment fee in appellant's case is premature and modify

–4–

the bill of costs to delete the premature assessment of the time payment fee without prejudice to later assessment if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*; *Dulin*, 620 S.W.3d at 133; *see, e.g.*, *Williams v. State*, No. 05-19-00831-CR, 2020 WL 6128232, at *1 (Tex. App.—Dallas Oct. 19, 2020, no pet.) (mem. op., not designated for publication) (citing *Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication)) (modifying bill of costs after noting this Court's power to correct bill of costs where record provides information necessary to do so).

## CONCLUSION

We modify the bill of costs to delete the premature assessment of the time payment fee without prejudice to later assessment if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes. We otherwise affirm the trial court's judgment.

/David J. Schenck//
DAVID J. SCHENCK
JUSTICE

190764f.u05

DO NOT PUBLISH
Tex. R. App. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY DONHAM, Appellant

No. 05-19-00764-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-40292-R. Opinion delivered by Justice Schenck. Justices Molberg and Nowell participating.

On the Court's own motion, we **WITHDRAW** the June 29, 2021 opinion and **VACATE** the June 29, 2021 judgment.  This is now the judgment of the Court.

Based on the Court's opinion of this date, we **MODIFY** the bill of costs to delete the premature assessment of the time payment without prejudice to later assessment if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.

We otherwise **AFFIRM** the trial court's judgment.

Judgment entered this 20th day of July, 2021.