

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00077-CR

---

ADRIAN FERNANDO URIBETA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 31500A, Honorable Dee Johnson, Presiding

---

August 15, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Adrian Fernando Uribeta, appeals the amount of fines assessed and a "time payment fee" charged against him in judgments convicting him of aggravated assault with a deadly weapon and theft of a firearm. We modify the judgments and affirm.

BACKGROUND

Because both of Appellant's issues challenge the assessment of charges contained in the judgments' bill of costs,[1] we will limit our discussion of the facts to those relevant to these issues. After the jury found Appellant guilty as noted above, it returned verdicts assessing a $2,000 fine for each charge. When the trial court entered the judgments, it ordered the sentences to run concurrently. However, the attached bill of costs, which was incorporated by reference into the judgments, cumulates the fines and reflects that Appellant owes $4,000 in fines. Further, the bill of costs charges Appellant a $15 "time payment fee." Appellant timely appealed. By his appeal, he challenges the cumulated $4,000 fine and $15 time payment fee.[2]

## ANALYSIS

### Preservation of Error

Initially, we must assess whether Appellant has properly preserved his complaints regarding charges assessed in the bill of costs. Where, as here, the bill of costs was "not prepared until weeks after judgment was entered[,] Appellant did not have the opportunity to object to this fee when it was imposed." *Johnson v. State*, 537 S.W.3d 929, 929 (Tex. Crim. App. 2017) (per curiam). In such a situation, "an appellant may not be faulted for

---

[1] While the trial court entered separate judgments for each count for which Appellant was found guilty, each of these judgments were entered in the same trial court cause number and the bill of costs refers to this cause number and purports to address all costs associated with each count.

[2] The State filed a letter, which essentially indicated that it would not be filing a response on the merits of Appellant's appeal.

failing to object when he or she was not given the opportunity to do so." *Id.* As such, we conclude that Appellant's challenges are properly before us.

## Cumulated Fines

By his first issue, Appellant contends that it was error for the bill of costs to cumulate the $2,000 fines in each case after the trial court ordered that the sentences run concurrently.

The Court of Criminal Appeals has clarified that, "where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement— the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines." *Anastassov v. State*, 664 S.W.3d 815, 822 (Tex. Crim. App. 2022).

Because the jury assessed identical $2,000 fines for each offense and the trial court ordered that the sentences run concurrently, we sustain Appellant's first issue and modify the certified bill of costs to assess a total of $2,000 in fines against Appellant.

## Time Payment Fee

By his second issue, Appellant identifies that the bill of costs assesses a $15 time payment fee but contends that the assessment of this fee while an appeal is pending is premature and, consequently, erroneous.

A time payment reimbursement fee of $15 is authorized if the convicted person has not paid all fees and costs by the thirty-first day after entry of the judgment assessing

3

the fees and costs. TEX. CRIM. PROC. CODE ANN. art. 102.030. However, a time payment fee, like the one imposed here, must be "struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Evans v. State*, No. 06-22-00174-CR, 2023 Tex. App. LEXIS 3183, at *3 (Tex. App.—Texarkana May 11, 2023, no pet.) (mem. op., not designated for publication) (quoting *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021)). When a time payment fee has been assessed while an appeal remains pending, the fee is premature and should be deleted in its entirety, without prejudice to it being assessed if it later becomes due. *Id.*

Because the bill of costs assessed a $15 time payment fee while the present appeal was pending, we sustain Appellant's second issue and modify the certified bill of costs by deleting the $15 charge for "time payment fee."

## CONCLUSION

We sustain both of Appellant's issues, modify the certified bill of costs to reflect that Appellant is liable for $2,000 for fines and delete the $15 time payment fee, and affirm the judgments of the trial court as modified.

Judy C. Parker
Justice

Do not publish.

4